UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 08-CV-00197 (JFB) (WDW)

———————

KEVIN HOUSTON,

Plaintiff,

VERSUS

NASSAU COUNTY, KATHLEEN RICE, NASSAU COUNTY POLICE DEPARTMENT, AND ROBERT DUNN,

Defendants.

———————

MEMORANDUM AND ORDER
February 2, 2011

———————

Joseph F. Bianco, District Judge:

*Pro se* plaintiff Kevin Houston ("plaintiff") filed the complaint in this action under 42 U.S.C. § 1983 on January 11, 2008. Plaintiff filed an Amended Complaint on March 3, 2008, alleging Section 1983 claims, as well as state law claims, against the following defendants: Nassau County, Kathleen Rice, the Nassau County District Attorney; the Nassau County Police Department, and Detective Robert Dunn. The complaint focuses on alleged constitutional violations in connection with the arrest and prosecution of the plaintiff for sexual abuse and attempted rape, which resulted in acquittal on all charges.

The defendants have moved to dismiss the Amended Complaint in its entirety pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court: (1) grants the motion to dismiss the Section 1983 claims as to defendants Nassau County Police Department, Nassau County, and District Attorney Kathleen Rice, (2) denies the motion to dismiss the Section 1983 claims against Detective Robert Dunn, and (3) grants the motion to dismiss the state law claims against all defendants without prejudice.

I. BACKGROUND

The following facts are taken from the Amended Complaint. These facts are not findings of fact by the Court, but rather are assumed to be true and are construed in the

light most favorable to the non-moving party. *See Giardina v. Nassau County*, No. 08 CV 2007 (JFB) (WDW), 2010 WL 1850793, *1 (E.D.N.Y. May 7, 2010).

### A. The Amended Complaint

According to the Amended Complaint, on September 20, 2006, plaintiff was questioned by Detective Robert Dunn of the Nassau County Police Department in connection with a suspected attempted rape. Plaintiff cooperated fully with Detective Dunn and was told that he was free to go pending an investigation. On April 14, 2006, Detective Dunn "closed the case citing lack of evidence and no dna evidence." (Am. Compl. at 2.) On June 29, 2006, plaintiff was arrested by Detective Dunn who, according to plaintiff, stated in an arrest report "that after a discussion with the District Attorney's office the decision was made to arrest [plaintiff]." (*Id*.) Plaintiff was charged with sexual abuse and attempted rape and was incarcerated at the Nassau County jail for over eight months prior to trial. (*Id*.) On or about March 30, 2007, plaintiff was acquitted by a jury on all counts. (*Id*.) Plaintiff states in the Amended Complaint that he is "claiming false arrest, and detainment by Kathleen Rice and det. Dunn." (*Id*.) Plaintiff further states that he is "also claiming defamation of character, and slander by all defendants." (*Id*.) Plaintiff seeks $1.5 million in damages.

### B. Procedural History

On January 11, 2008, plaintiff filed the complaint in this Court. On March 3, 2008, plaintiff filed an Amended Complaint. On September 15, 2009, defendants filed an answer. On June 15, 2010, defendants filed a motion to dismiss. On July 15, 2010, plaintiff filed his opposition to the motion, along with a motion to appoint counsel. On July 22, 2010, defendants filed a reply. On January 14, 2011, the Court denied the motion to appoint counsel without prejudice to plaintiff renewing the application at a later stage of the proceedings, if circumstances warrant such an application. The motion to dismiss is fully submitted.

### II. STANDARD OF REVIEW

Courts evaluate a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) under the same standard as a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Nicholas v. Goord*, 430 F.3d 652, 657 n.8 (2d Cir. 2005), *abrogated on other grounds Samson v. California*, 547 U.S. 843 (2006). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), setting forth a two-pronged approach for courts deciding a

motion to dismiss. The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obliged to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) and *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Mancuso v. Hynes*, 09-CV-4393, 2010 WL 2131009, at *1 (2d Cir. May 27, 2010) (quoting *Iqbal*, 129 S. Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

### III. DISCUSSION

#### A. Claim Against Nassau County Police Department

Defendant Nassau County Police Department argues that the claims against it should be dismissed because it is a non-sueable entity of Nassau County, and that the claims should only be brought against Nassau County. As set forth below, the Court agrees.

Although plaintiff alleges causes of action against the Nassau County Police Department, "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *See Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); *see also Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Because plaintiff has named the City of White Plains as a defendant, any claims against the [White Plains Department of Public Safety] are redundant. WPDPS does not have its own legal identity, and therefore the claims against it are dismissed."); *Polite v. Town of Clarkstown*, 60 F. Supp. 2d 214, 216 (S.D.N.Y. 1999) ("[M]unicipal departments in this State—such as the Clarkstown Police Department—are not amenable to suit, and no claims can lie directly against them."); *Wilson v. City of N.Y.*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992) ("The court also dismisses the claims against the New York City Police Department, which cannot be sued independently because it is an agency of the City of New York."). Plaintiff's allegations against the Police Department are more properly raised in claims against Nassau County, which plaintiff has also named as a defendant. Accordingly, the Nassau County Police Department is dismissed as a defendant.

### B. Claims Against Nassau County District Attorney Kathleen Rice

Defendant Nassau County District Attorney Kathleen Rice ("D.A. Rice") contends that she is entitled to absolute immunity for the claims plaintiff attempts to assert against her for acts allegedly committed within the scope of her official duties. As set forth below, the Court agrees.

"'It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983.'" *Crews v. Cnty. of Nassau*, No. 06-CV-2610 (JFB)(WDW), 2007 WL 4591325, at *13 (E.D.N.Y. Dec. 27, 2007) (quoting *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005)). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). For example, in *Hill*, the Second Circuit held that an Assistant District Attorney's alleged acts of, *inter alia*, "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury" were "clearly protected by the doctrine of absolute immunity as all are part of his function as an advocate." *Id.* at 661. Thus, "[i]t is well-settled that prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are entitled to absolute immunity from an action for damages under § 1983." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 530 (2d Cir.1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Here, D.A. Rice has absolute prosecutorial immunity because her alleged actions fall squarely within the scope defined by the Supreme Court. In particular, plaintiff's claims against D.A. Rice arise from his assertion that she had an insufficient basis to prosecute plaintiff for sexual abuse and attempted rape. However, both the Supreme Court and Second Circuit have made clear that the decision regarding whether or not to initiate prosecution is a quintessential prosecutorial function that is entitled to absolute immunity. *See Imbler*, 424 U.S. at 431 (absolute immunity exists for "initiating a prosecution"); *Ying Jing Gan*, 996 F.2d at 530 ("A prosecutor thus has absolute immunity in connection with the decision whether or not to commence a prosecution."); *accord Johnson v. City of N.Y.*, No. 00CIV.3626(SHS), 2000 WL 1335865, at *2 (S.D.N.Y. Sept. 15, 2000) (stating that prosecutorial functions protected by absolute immunity "include the decision to bring charges against a defendant."). Accordingly, D.A. Rice is entitled to absolute prosecutorial immunity, and plaintiff's § 1983 claims against her are dismissed.[1]

---

[1] The Court also notes that the plaintiff's Section 1983 claims against D.A. Rice are subject to dismissal for the additional reason that the complaint does not allege any personal involvement by D.A. Rice. *See Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003); *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (explaining that personal involvement by the defendant in any constitutional violation is a prerequisite to an award of damages under Section 1983); *Jackson v. Cnty. of Nassau*, No. 07-CV-245 (JFB)(AKT), 2009 WL 393640 at *3 (E.D.N.Y. Feb. 13, 2009) ("'[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that

C. Claims Against Nassau County

Defendant Nassau County argues that the claims against the County cannot survive a motion to dismiss because plaintiff's Amended Complaint fails to identify any governmental policy or custom that caused a constitutional injury. As set forth below, the Court agrees.

In order to state a claim for relief under Section 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges or immunities secured by the Constitution and federal law, (2) by a person acting under the color of state law. 42 U.S.C. § 1983. Section 1983 does not itself provide substantive rights, but in fact offers "a method for vindicating federal rights elsewhere conferred." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere.") (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Under *Monell*, a municipal entity may be held liable under Section 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." 436 U.S. at 694-95; *Patterson*, 375 F.3d at 226 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733-36 (1989), and *Monell*, 436 U.S. at 692-94). "The policy or custom need not be memorialized in a specific rule or regulation." *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996) (citing *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992)). A policy, custom, or practice of the municipal entity may be inferred where "'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" *Patterson*, 375 F.3d at 226 (quoting *Kern*, 93 F.3d at 44).

However, a municipal entity may only be held liable where the entity itself commits a wrong; "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *see also Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 122 (2d Cir. 1991) ("A municipality and its supervisory officials may not be held liable in a § 1983 action for the conduct of a lower-echelon employee solely on the basis of respondeat superior."); *Vippolis v. The Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("A plaintiff who seeks to hold a municipality liable in damages under section 1983 must prove that the municipality was, in the language of the statute, the 'person who . . . subjected, or cause[d] [him] to be subjected,' to the deprivation of his constitutional rights, 42 U.S.C. § 1983."); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("A municipality may not be held liable in an action under 42 U.S.C. § 1983 for actions

---

defendant should be granted.'" (quoting *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999))). Moreover, the doctrines of *respondeat superior* or vicarious liability do not apply to § 1983 claims. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978).

alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior*.").

In the instant case, the Court finds that plaintiff's *Monell* claim against the County pursuant to Section 1983 must be dismissed as a matter of law because plaintiff has failed to identify any policy or custom that is the basis for such a claim in connection with the alleged violation of his constitutional rights. *See, e.g., Walker v. City of New York*, No. 07-CV-1543 (JG)(LB), 2007 WL 1340252, at *2 (E.D.N.Y. May 4, 2007) (dismissing the claim against the City of New York where "there are no facts alleged in the complaint to support a claim against the City of New York. Even liberally construing plaintiff's claim, nothing suggests that the alleged constitutional violations were attributable to any municipal policy or custom."); *Tropeano v. City of New York*, No. 06 CV 2218 SLT, 2006 WL 3337514, at *4 (E.D.N.Y. Oct. 31, 2006) ("The municipality cannot be held liable simply on a theory of *respondeat superior* . . . . plaintiff cannot prevail where as here she has not identified a policy or custom that caused the denial of a constitutional right. . . . Therefore, the Court dismisses the claims against the City of New York . . . ."). Therefore, given plaintiff's failure in his Amended Complaint to allege any policy or custom that can form the basis for a plausible *Monell* claim, the lawsuit against the County cannot survive a motion to dismiss.[2]

### D. Section 1983 Claim against Detective Robert Dunn

Detective Robert Dunn argues that the false arrest/false imprisonment claims against him should be dismissed because he had probable cause to arrest and detain plaintiff. As set forth below, the Court concludes that the claims against Detective Dunn survive a motion to dismiss because this "probable cause" determination cannot be made in the instant case at this early juncture given the limited information available to the Court.

The Second Circuit has established that "[t]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* Furthermore, "[t]he validity of an arrest does not depend on an ultimate finding of guilt or innocence." *Peterson v. Cnty. of Nassau*, 995 F. Supp. 305, 313 (E.D.N.Y. 1998) (citing *Pierson v. Ray*, 386 U.S. 547, 555 (1967)). "Rather, the court looks only to the information the arresting officer had at the time of the arrest." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). Moreover, on a motion to dismiss, the "question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers." *Weyant*, 101 F.3d at 852.

In the instant case, the Amended Complaint alleges, among other things, that: (1) on September 20, 2005, plaintiff was questioned by Detective Dunn regarding an attempted rape; (2) plaintiff cooperated fully

---

[2] If plaintiff believes he can cure this defect by pleading additional allegations against the County, plaintiff can request leave to re-plead this claim.

6

and was told he was free to leave pending an investigation; (3) on April 14, 2006, Detective Dunn closed the case for lack of evidence; (4) on June 29, 2006, plaintiff was arrested by Detective Dunn; and (5) after being incarcerated for over eight months, defendant was acquitted in March 2007 on all counts. The Court concludes that, construing the *pro se* complaint liberally, these allegations are sufficient to allege a plausible false arrest/false imprisonment claims against Detective Dunn.

Defendant Dunn argues that he had probable cause to arrest plaintiff based upon the report by criminal complaint filed by the victim. (Def. Mem. of Law at 10.) "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995). However, none of the information provided by the victim to Detective Dunn, nor any of the other information available to Detective Dunn, is before the Court in connection with the motion to dismiss. In other words, the allegations in the Amended Complaint are insufficient for the Court to conclude at this juncture that Detective Dunn had probable cause to arrest as a matter of law. Although defendants argue that the references in the complaint to Detective Dunn interviewing the plaintiff and consulting with the D.A.'s Office are sufficient to establish probable cause to arrest, the Court disagrees. These procedures, in of themselves, do not provide the critical information necessary for the Court to properly make the "probable cause" assessment question that defendant Dunn is urging the Court to consider at this juncture as a basis for dismissal. The Court must be able to determine from the pleadings what information defendant Dunn had available at the time of arrest and whether, in light of plaintiff's interview or any other information available, there were any circumstances to raise doubt as to the victim's veracity. These determinations cannot be made in this particular case at the motion to dismiss stage.

Accordingly, after carefully reviewing the complaint and drawing all inferences in plaintiffs' favor from the facts alleged therein, the Court cannot conclude at this juncture, as a matter of law, that defendant Dunn had probable cause to arrest or confine plaintiff. *See Mitchell v. Cnty. of Nassau*, No. CV-05-4957, 2007 U.S. Dist. LEXIS 38711, at *36 (E.D.N.Y. May 24, 2007) ("[P]laintiff . . . alleges that [defendant] intentionally and maliciously filed an unsubstantiated criminal complaint against her without adequate investigation together with a supporting deposition in which he urged her arrest. . . . Accordingly, at the pleadings stage, the amended complaint arguably states a claim for false arrest . . . ."); *Caidor v. M & T Bank Corp.*, No. 5:05-CV-297 (FJS/GJD), 2006 U.S. Dist. LEXIS 22980, at *19 (N.D.N.Y. Mar. 27, 2006) (denying motion to dismiss false arrest claim where "[i]t is . . . impossible to derive from the complaint exactly what information was available to the officers . . . at the time of Plaintiff's arrest . . . ."). Of course, defendant Dunn is free to raise this issue again at the summary judgment stage if he concludes, following discovery, that the undisputed facts establish the probable cause to arrest and detain plaintiff.

### E. State Claims

Finally, defendants argue that plaintiff's state claims for defamation of character are

precluded by his failure to file a timely notice of claim. The Court agrees and grants defendants' motion to dismiss the state claims.

Under New York General Municipal Law § 50-e ("Section 50-e"), a plaintiff must file a notice of claim against a county or its employees within ninety days after such claim arises. In this case, plaintiff has not disputed defendants' assertion that he has yet to file a notice of claim upon defendants.

"Notice of claim requirements are construed strictly by New York state courts. Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999) (internal quotations and citations omitted); *see Horvath v. Daniel*, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006) ("Absent a showing of such a Notice of Claim, the complaint may be dismissed for failure to state a cause of action.") (internal quotation marks omitted). Accordingly, for the state law claims asserted in this case, "[t]he failure to file a notice of claim is fatal unless the action has been brought in the public interest, such as a class action brought to protect civil rights, or a court has granted leave to serve late notice." *Pustilnik v. Hynes*, No. 99-CV-4087 (JG), 2000 WL 914629, at *6 (E.D.N.Y. June 27, 2000).

The Court finds that the instant action, a private civil rights lawsuit, has not been brought in the public interest. *See, e.g., Feldman v. Nassau Cnty.*, 349 F. Supp. 2d 528, 539 (E.D.N.Y. 2004) (finding employment discrimination claim that "seeks the enforcement of [plaintiff's] private interests" is not in public interest); *Atkins v. Cnty. of Orange*, 251 F. Supp. 2d 1225, 1235 (S.D.N.Y. 2003) ("[T]he public interest exception [to the notice of claim requirement] does not apply when plaintiffs are seeking money damages for the sole purpose of redressing plaintiffs' individual injuries."); *Turner v. Cnty. of Suffolk*, 955 F. Supp. 175, 177 (E.D.N.Y. 1997) (determining that claim was "brought merely to enforce a private right and not to vindicate a public interest" where "[b]y its terms, plaintiff's complaint is limited to redressing plaintiff's individual injury.").

Section 50-e(5) provides that a court "[u]pon application" of a plaintiff may, in its discretion, extend the time to serve a notice of claim. However, although the Court of Appeals has not ruled on the issue, district courts in the Second Circuit have routinely found that they lack jurisdiction to even consider such an application. In *Corcoran v. New York Power Authority,* 202 F.3d 530, 540 (2d Cir. 1999), the court noted that the "appropriate state court may extend the time to file a notice of claim" under Section 50-e, but declined to decide "whether the federal court [had] such jurisdiction." This Court agrees with the overwhelming weight of authority among district courts in the Second Circuit and finds that Section 50-e(7) permits only certain state courts—"'the supreme court or . . . the county court' in certain counties—to consider and to grant an application for an extension of time" in this context. *Henneberger v. County of Nassau*, 465 F. Supp. 2d 176, 200 (E.D.N.Y. 2006) (quoting N.Y. Gen. Mun. Law § 50-e(7) and collecting cases); *Brown v. Met. Transp. Auth.*, 717 F. Supp. 257, 258-61 (S.D.N.Y. 1989) ("Until the state legislature amends [Section] 50-e(7) to include federal trial courts, [the court has] no choice but to dismiss for lack of jurisdiction plaintiff's application to file a late notice of claim or to have his notice of claim deemed timely filed.")

8

(collecting cases). Therefore, in this case, the Court lacks jurisdiction, pursuant to Section 50-e(7), to deem plaintiff's state law claims against the County defendant timely filed or to grant an extension of time to file.[3] Thus, because plaintiff failed to serve a timely notice of claim on the County, all of his state law claims are dismissed without prejudice. *See Keating v. Gaffney,* 182 F. Supp. 2d 278, 294 (E.D.N.Y. 2001) (dismissing NYHRL claims for failure to serve timely notice of claim).

### IV. CONCLUSION

For the reasons stated above, the Court: (1) grants the motion to dismiss the Section 1983 claims as to defendants Nassau County Police Department, Nassau County, and District Attorney Kathleen Rice, (2) denies the motion to dismiss the Section 1983 claims against Detective Robert Dunn, and (3) grants the motion to dismiss the state law claims against all defendants without prejudice. The parties shall proceed with discovery on the Section 1983 claims against Detective Robert Dunn under the direction and supervision of Magistrate Judge Wall.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 2, 2011
Central Islip, New York

---

[3] Even if this Court had jurisdiction to grant plaintiff leave to file a late notice of claim, the Court would decline to do so on the merits because plaintiff has failed to provide any justification for the delay.

* * *

Plaintiff is *pro se*. The defendants are represented by Office of the Nassau County Attorney, One West Street, Mineola, New York 11501, by Diane C. Petillo, Esq.